OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Ashland County pursuant to Appellant's Motion to Modify Custody/Allocation of Parental Rights and Responsibilities.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties to this cause were divorced in 1998 with Appellee being granted custody of their child, Jace Wolford.
 {¶ 3} Before the Motion of Appellant was filed on November 3, 2003, the custody was, by agreement, changed on a trial basis with adjustments made to visitation.
 {¶ 4} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 5} "I. The trial court committed prejudicial error by abusing its discretion in deviating from the ohio child support guidelines in the entire amount of the support figure.
 {¶ 6} "This error is reflected in the record by the judgment entry dated june 7, 2004."
 I. {¶ 7} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 8} As provided by R.C. 3119.03, a rebuttable presumption exists in favor of the child support guidelines.
 {¶ 9} The standards applicable to deviations from the child support guidelines are stated in R.C. 3119.22 and 3119.23.
 {¶ 10} R.C. 3119.22 states:
 {¶ 11} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 12} "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
 {¶ 13} R.C. 3119.23 states in part:
 {¶ 14} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
 {¶ 15} * * * *
 {¶ 16} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 17} * * * *
 {¶ 18} "(G) Disparity in income between parties or households;
 {¶ 19} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 20} * * * *
 {¶ 21} "(K) The relative financial resources, other assets and resources, and needs of each parent;
 {¶ 22} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 23} * * * *
 {¶ 24} "(P) Any other relevant factor.
 {¶ 25} "The court may accept an agreement of the parents that assigns a monetary value to any of the factors and criteria listed in this section that are applicable to their situation.
 {¶ 26} "If the court grants a deviation based on division (P) of this section, it shall specifically state in the order the facts that are the basis for the deviation."
 {¶ 27} Also, as referenced by Appellee, findings of fact justifying a deviation must be stated by the court. Marker v. Grimm (1992),65 Ohio St. 139.
 {¶ 28} We agree with Judge Runyan that Goodwin v. Goodwin (1999), 5th Dist. App. No. 99-COA-1318, Ashland County, is inapplicable as the facts are distinguishable.
 {¶ 29} The magistrate found, contrary to the facts as stated by Appellant:
 {¶ 30} "Jace therefore spends approximately an equal number of his after school waking hours with each of his parents. In fact, the parties equally dividing days of special meaning and summer vacation, there is only a 52 hour variation in time each parent spends with Jace when Jace is not otherwise sleeping."
 {¶ 31} Also, again contrary to the facts as presented by Appellant, Appellee provides food for Jace when with her.
 {¶ 32} "Pursuant to R.C. 3119.22 and R.C. 3119.23, the Magistrate FINDS the following:
 {¶ 33} "a) The statutory guideline child support in this case would be $3,358.00 annually, payable by plaintiff.
 {¶ 34} "b) Such statutory guideline support is unjust, inappropriate and not in the best interest of the child Jace, since each party has substantially equal income to that of the opposing party, the defendant's housing costs are less than those realized by the plaintiff, and each party shall enjoy equal parenting time with Jace. These factual matters are an appropriate basis for deviation from the statutory child support guidelines pursuant to R.C. 3119.23(D), (K).
 {¶ 35} "c) The Magistrate assigns a value to the stated deviation factors equal to $3,358.00 annually."
 {¶ 36} In adopting the magistrate's findings, the court stated:
 {¶ 37} "The child support worksheet results in an obligation of $3,358 per year. The following specific findings were made by the Magistrate to support deviation: The child spends an equal amount of his `awake time' at each parent's home. The child sleeps at his father's residence, which is the Defendant's mother's home. Therefore, there was no evidence of the Defendant-Father incurring any real cost during overnight time (e.g., housing, utilities, or related costs). Mrs. Wolford, the Plaintiff, does incur those same expenses."
 {¶ 38} We find that the magistrate's finding as approved by the court, because of the approximately equal time shared by each parent with the child together with the lack of established household expenses of Appellant indicates that the presumption of R.C. 3119.03 has been overcome.
 {¶ 39} This, coupled with the court's adoption of the magistrate's findings with a clear statement as to deviation justification satisfies the statutory requirements.
 {¶ 40} We find no abuse of discretion.
 {¶ 41} This cause is affirmed at Appellant's costs.
Boggins, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs assessed to Appellants.