[Cite as *Williams v. Williams*, 2016-Ohio-3344.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Malisia Williams [n.k.a. Knight], | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-739 |
| v. | : | (C.P.C. No. 11DR-2257) |
| David Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 9, 2016

**On brief:** *Manning Law Company*, and *Jamie C. Manning*, for appellant. **Argued:** *Jamie C. Manning*.

**On brief:** *Law Office of Saia & Piatt, Inc.*, and *Megan M. Beyland*, for appellee. **Argued:** *Megan M. Beyland*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BROWN, J.

{¶ 1} Malisia Williams, n.k.a. Knight, plaintiff-appellant ("mother"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the trial court overruled her objections to a magistrate's decision.

{¶ 2} In July 1995, mother and David Williams, defendant-appellee ("father"), married. One child was born during the marriage in May 2007. On June 7, 2011, mother filed a complaint for divorce. On January 31, 2012, the trial court entered an agreed shared parenting decree and an agreed judgment entry final decree of divorce. The shared parenting plan ordered a "2/2/3" schedule, in which the child was to live with mother two days of the week, with father the next two days, and then with mother the

next three days, with the schedule switching the following week. The court also ordered father to pay mother child support of $425.00 per month, which was a downward deviation from the child support guidelines ("guidelines") amount of $540.16 per month. However, in practice, the parties exercised a week-on/week-off visitation schedule.

{¶ 3} This case concerns a number of motions filed by each party, the specific grounds for which we will detail in more depth during our discussion of the assignments of error, as necessary. On August 7, 2013, mother filed a motion for contempt relating to father's failure to notify her of his intent to relocate. On October 8, 2013, father filed a motion for modification of the parties' shared parenting plan, which related to the parties' failure to follow the 2/2/3 schedule, and a motion for contempt related to mother's failure to refinance the marital home. On April 21, 2014, father filed a motion for attorney fees based on mother's conduct. On April 28, 2014, mother filed an amended motion for contempt. On June 4, 2014, mother filed a motion to terminate shared parenting plan and for reallocation of parental rights. On July 9, 2014, mother filed a motion for attorney fees, a motion to reallocate guardian ad litem ("GAL") fees, and a motion to extend the deadline to pay GAL fees.

{¶ 4} Father remarried in mid-2013; mother remarried in mid-2014.

{¶ 5} The above motions came for hearing before a magistrate over several days in July and August 2014. On March 19, 2015, the magistrate issued a decision, in which he ordered a week-on/week-off parenting schedule, recalculated child support, and deviated that new amount downward to $250.00 per month from the guidelines amount of $583.53, and found both parties in contempt on various issues but found they had purged their contempts prior to the writing of the decision. On April 2, 2015, mother filed objections to the magistrate's decision.

{¶ 6} The court held a full hearing on mother's objections. On July 8, 2015, the trial court issued a decision and entry, in which it overruled mother's objections, except for her objection relating to the allocation of the payment of GAL fees, which the court sustained. Mother appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IT APPLIED [R.C.] 3119.79(A) AND 3119.22 AND RETROACTIVELY DEVIATED

CHILD SUPPORT WHEN IT WAS NOT IN THE CHILD'S BEST INTEREST.

[II.] THE TRIAL COURT ERRED BY FAILING TO FIND THE DEFENDANT IN CONTEMPT OF COURT WHEN AS A PARTY TO A SHARED PARENTING PLAN, HE WITHHELD HIS ADDRESS FROM PLAINTIFF AND PROVIDED A FALSE ADDRESS.

[III.] THE TRIAL COURT ERRED IN APPLYING [R.C.] 3105.73 AND ORDERING ATTORNEY'S FEES IN FAVOR OF THE HIGHER WAGE EARNER TO THE DETRIMENT OF THE MINOR CHILD.

{¶ 7} Mother argues in her first assignment of error that the trial court erred when it applied R.C. 3119.79(A) and 3119.22 and retroactively deviated child support. R.C. 3119.79(A), titled "Recalculation of amount by court upon request," provides:

> If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

{¶ 8} R.C. 3119.22, entitled "Deviation from amount resulting from schedule and worksheet," provides:

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be

> unjust or inappropriate and would not be in the best interest of the child.
>
> If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.

{¶ 9} We first address mother's argument relating to the recalculation of the child support amount pursuant to R.C. 3119.79(A). In her objections to the magistrate's decision, mother argued that to determine a change in circumstances to modify child support under R.C. 3119.79(A), the magistrate improperly used the prior deviated child support amount of $425.00 instead of the prior undeviated guidelines amount of $540.16 to determine whether a 10 percent difference existed with the recalculated guidelines amount of $583.53. Assuming this is the same argument she is raising in her first assignment of error, we find no error. R.C. 3119.79(A) clearly provides that to determine whether a 10 percent difference exists, the court must compare the recalculated guidelines amount—here, $583.53—to the "amount of child support required to be paid pursuant to the existing child support order"—here, $425.00. *See Moore v. Moore*, 5th Dist. No. 09 CA 21, 2010-Ohio-2499 (court compared the existing deviated child support amount to the new guidelines amount to determine whether a 10 percent difference existed pursuant to R.C. 3119.79). Therefore, mother's argument is without merit.

{¶ 10} Mother also seems to argue that the trial court deviated from the previously ordered child support amount of $425.00 instead of the recalculated guidelines amount of $583.53 in order to arrive at the current deviated amount of $250.00. However, after our review of the magistrate's decision, we fail to see why mother believes such. The magistrate's order indicates that father "shall pay child support of $250.00 per month, plus processing charge, which is a downward deviation from the child support guideline[s] worksheet." Thus, the trial court deviated from the recalculated child support guidelines worksheet and not the previously ordered support amount of $425.00. Therefore, this argument is without merit.

{¶ 11} Mother next argues that the trial court erred when it found that it would be in the best interests of the child to deviate from the child support guidelines pursuant to R.C. 3119.22. Mother contends that the parties had equal parenting time with the child, and the trial court erroneously gave father "credit" for his overnight visitation once per week when she also receives additional parenting time once per week. Mother also points out that her income was reduced when she remarried because she stopped getting spousal support, and her earnings decreased when she changed employment to be able to spend more time with the child. She claims the income disparity between her and father is substantial, with her income being 50 percent less than father's income.

{¶ 12} However, mother did not specifically raise this argument in her April 2, 2015 objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv), entitled "Waiver of right to assign adoption by court as error on appeal," specifically states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Because mother did not raise this argument in her objections, she has waived it, except for plain error, which mother has not asserted on appeal. In the context of a civil appeal, "an appellate court only applies the plain-error doctrine if the asserted error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Claffey v. Natl. City Bank*, 10th Dist. No. 11AP-95, 2011-Ohio-4926, ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 123 (1997).

{¶ 13} Notwithstanding, even if we were to address this argument, we would find mother's argument unavailing. Absent an abuse of discretion, a trial court's determination regarding child support obligations will not be disturbed on appeal. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). Pursuant to R.C. 3119.22, a court may deviate from the guidelines amount if the court determines it would be unjust or inappropriate and not in the best interest of the child, after considering the factors in R.C. 3119.23. R.C. 3119.23 provides, in pertinent part:

> The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:

(A)  Special and unusual needs of the children;

(B)  Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

(C)  Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

(E)  The obligor obtaining additional employment after a child support order is issued in order to support a second family;

(F)  The financial resources and the earning ability of the child;

(G)  Disparity in income between parties or households;

(H)  Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I)  The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J)  Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K)  The relative financial resources, other assets and resources, and needs of each parent;

(L)  The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M)  The physical and emotional condition and needs of the child;

(N)  The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P)  Any other relevant factor.

{¶ 14} R.C. 3119.24, which permits a deviation from the child support guidelines amount, provides:

(A)

(1)  A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.

(2)  The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination.

(B)  For the purposes of this section, "extraordinary circumstances of the parents" includes all of the following:

(1)  The amount of time the children spend with each parent;

(2)  The ability of each parent to maintain adequate housing for the children;

(3)  Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;

(4)  Any other circumstances the court considers relevant.

{¶ 15} In the present case, with regard to mother's argument that the parties had equal parenting time with the child, mother is correct.  However, equal parenting time is more than the standard visitation schedule.  *See Havens v. Havens*, 10th Dist. No. 11AP-708, 2012-Ohio-2867, ¶ 26 (the child support guidelines assume a standard visitation schedule with a 75/25 split of parenting time; therefore, extended parenting time contemplates anything over and above that standard visitation schedule).  Although a trial court is not required to deviate a child support award when the parties share equal parenting time, *see Pauly* at 390, many courts have granted deviations to the calculated amount of child support based on equal parenting time.  *See, e.g.*, *Misty R. v. Brian S.*, 6th Dist. No. WD-02-029, 2003-Ohio-1413, ¶ 19-30 (deviated child support from the guidelines amount of $800 to $500 based on equal parenting time); *Dunlap v. Dunlap*, 9th Dist. No. 23860, 2008-Ohio-3201, ¶ 8-10 (28 percent deviation based on evidence that husband's visitation time equaled 29 percent of the available time within a year); *Wolford v. Wolford*, 5th Dist. No. 04-COA-042, 2005-Ohio-1231 (the approximately equal time shared by each parent with the child, as well as other factors, supports a deviation of child support).  Therefore, we find the trial court did not abuse its discretion or commit plain error when it considered equal parenting time as a factor favoring a downward deviation of child support.

{¶ 16} With regard to mother's argument that the trial court erroneously gave father "credit" for his overnight visitation once per week when she also receives additional parenting time once per week, mother failed to raise this specific objection in her April 2, 2015 objections to the magistrate's decision; thus, mother has waived this issue.  Notwithstanding this deficiency, we find no abuse of discretion.  Although mother does receive additional overnight parenting time once per week on Tuesday evenings, the magistrate specifically noted father's additional overnight parenting time on Wednesday evenings to point out that he incurs the additional responsibility of transportation to and from the child's choir and dance activities on Wednesday evenings.  We can find no plain error or abuse of discretion in this regard.

{¶ 17} Mother also points out that her income was reduced when she remarried because she stopped receiving spousal support, and her earnings decreased when she changed employment to be able to spend more time with the child. She claims the income disparity between her and father is substantial, with her imputed income being 50 percent less than father's income. Again, mother did not raise these issues in her objections to the magistrate's decision. Regardless, we find these arguments unpersuasive. Mother's decision to remarry and forgo further spousal support payments was her personal decision. Likewise, mother's decision to quit her job and incur a decrease in income so that she could spend more time with the child was voluntary. The magistrate specifically found that mother quit her prior employment to work for her current husband, and that decision was solely voluntary, and also noted that mother did not receive spousal support due to her remarriage. We can find no abuse of discretion or plain error in the trial court's adoption of the magistrate's findings. For these reasons, we overrule mother's first assignment of error.

{¶ 18} Mother argues in her second assignment of error that the trial court erred when it failed to find father in contempt of court when he withheld his address from mother and provided her a false address. We review the trial court's decision whether to find a party in contempt under an abuse of discretion standard. *Williamson v. Cooke*, 10th Dist. No. 05AP-936, 2007-Ohio-493. The abuse of discretion standard is defined as " '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.' " *State v. Gordon*, 10th Dist. No. 10AP-1174, 2011-Ohio-4208, ¶ 20, quoting *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 18 (2d Dist.).

{¶ 19} Here, the parties' shared parenting plan required that, upon learning that either party will be moving, the party must immediately notify the other parent and provide the other parent with the moving date, new residence address, telephone number, and such other pertinent information necessary to effectuate a smooth transition for the child. Mother contends that father failed to notify her that he had moved and continued to violate the moving provision for over one year.

{¶ 20} The magistrate found that father moved from his address in October 2012, initially lied to mother about his new residence, and did not file a correct relocation notice

until September 26, 2013.  The magistrate determined that father was guilty of contempt by failing to timely file his relocation notice.  However, the magistrate found that father had purged his contempt by filing his relocation notice on September 26, 2013, approximately one and one-half months after mother filed her motion for contempt.

{¶ 21} Here, mother's only arguments are that the court should not have found that father purged the contempt, as she was not made whole by the filing of the relocation notice, and father never directly gave her his new address. Initially, as father points out, in her contempt motion, mother requested only that the court find father in contempt for failing to give her and the court notice of his intent to move.  Mother did not request that father be held in contempt for providing her a false address, as she presents in her assignment of error.  Regardless, under any of these arguments, we cannot find the trial court abused its discretion when it adopted the magistrate's decision.  Mother does not suggest what the remedy should have been or what specific harm she suffered that demands some other remedy.  Therefore, we find this argument without merit and overrule mother's second assignment of error.

{¶ 22} Mother argues in her third assignment of error that the trial court erred when it applied R.C. 3105.73 and ordered attorney fees in favor of father, the higher wage earner, to the detriment of the child. R.C. 3105.73(B) provides that "[i]n any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."  "In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."  A trial court's award of attorney fees related to a post-decree motion or proceeding will not be overturned absent an abuse of discretion.  *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 42.

{¶ 23} In *Hummer v. Hummer*, 10th Dist. No. 86AP-293 (Aug. 28, 1986), this court set forth a balancing test to be applied in evaluating the reasonableness of a request for attorney fees in a child support modification proceeding.  This court indicated that the factors to be considered included: (1) the needs of the children, (2) the change in circumstances including increases in income, (3) the assets of the parties, (4) the ability or

inability of each party to pay attorney fees, (5) the degree of increase in child support awarded, (6) the total amount of attorney fees, (7) the proportion of attorney fees caused by undue delay or resistance by either party in resolving the child support issue, and (8) the effect of payment of attorney fees on the custodial parent's ability to contribute a proportionate share of child support.

{¶ 24} In support of granting father attorney fees, the trial court cited to the following conduct: (1) father incurred needless attorney fees when mother's attorney refused to continue the first hearing date due to a schedule conflict and necessitated father's attorney appearing in court to address the issue, (2) the magistrate ordered both parties to bring to a status conference stipulations or proposed stipulations, but mother's attorney failed to bring proposed stipulations, showed a lack of interest in having meaningful discussions regarding possible settlement or narrowing of the issues, and told the magistrate she did not bring the proposed stipulations because she thought the order was "stupid," (3) the magistrate ordered the parties to provide the other party, the GAL, and the court with their trial notebooks and exhibits, but mother's attorney filed the notebooks with the clerk of courts prior to trial, forcing father to file a motion to seal the record because the proposed exhibits had not yet been deemed admissible, (4) mother's attorney posted a message on social media the night prior to calling a witness at trial that suggested father's attorney had an ulterior motive for calling him as a witness, and (5) mother's testimony contradicted her stated goals and requests for relief.  Thus, the magistrate found it equitable to award attorney fees of $1,500 to father.

{¶ 25} In support of her assignment of error, mother asserts that father's income was $64,200 in 2014, and the trial court imputed $31,720 in income to her.  With regard to *Hummer* factors (1), (3), and (6), mother contends that the award was not equitable because her income is less than half of father's income.  With regard to *Hummer* factor (2), mother asserts that the only change in circumstances was her change in employment. Mother argues that father complained that mother's job was not flexible enough to spend time with the child, so when she remarried she began working for her new husband's business, which gave her more flexibility and time with the child.  With regard to *Hummer* factor (5), mother asserts that there was no evidence of undue delay or resistance by mother, and the magistrate wrongly found her attorney had a bad attitude,

lacked interest in discussing meaningful settlements or narrowing the issues, and had any ulterior motive relating to the alleged social media post. Mother contends that these perceptions were never proven and she should not be punished for the perceived conduct of her attorney.

{¶ 26} We find the trial court did not abuse its discretion in awarding father attorney fees. Father sought attorney fees based on both mother's conduct and her attorney's conduct. Although mother's imputed income was less than half of father's income, we do not find this disparity precludes an award of attorney fees, given the other existing circumstances. Also, as we explained above, that mother took a significant pay cut to spend more time with the child was a voluntary decision on her part. What is apparent from the magistrate's decision is that the magistrate strongly believed that both mother and her attorney were engaging in behavior that was detrimental to progress in the case and discouraged settlement. The magistrate cited five instances of problematic behavior by mother and her attorney, and although mother attempts to frame these instances as mere "perceptions" by the magistrate without any real evidence, the examples given are not merely subjective observations. The conduct cited is supported by the record. The magistrate was best able to observe the actions, demeanor, and attitude of the parties and their counsel, and we see no reason to second guess the magistrate's assessments. We also note that, with regard to the social media post, the magistrate stated at trial that he did not see how the post was relevant to trial, and indicated in his decision that he did not give it much consideration. Therefore, we find no error in the award of attorney fees and overrule mother's third assignment of error.

{¶ 27} Accordingly, we overrule mother's three assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

_____